UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. MCKERCHIE,

    Plaintiff,

v.

    Case No. 1:23-cv-1319

    Hon. Hala Y. Jarbou

SCOTT WRIGGLESWORTH, et al.,

    Defendants.
_____/

## ORDER

This is a 42 U.S.C. § 1983 action based on Plaintiff McKerchie's treatment at Ingham County Jail while he was detained pretrial. On February 10, 2025, Defendant Carli Reid moved to dismiss, or for summary judgment on, the only remaining count in the case: a Fourteenth Amendment excessive force claim. (ECF No. 18.) McKerchie did not respond to the motion. On July 24, 2025, Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") that the Court grant the motion for summary judgment and dismiss the case. (ECF No. 21.) The R&R informed McKerchie that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." (R&R 7.) McKerchie did not file any objections to the R&R, and the deadline for doing so has expired.[1]

The failure to file objections is a sufficient basis to adopt the magistrate judge's recommendation. According to the Supreme Court, "[i]t does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo

---

[1] The copy of the R&R sent to McKerchie was returned to the Court on August 14, 2025, because McKerchie had been moved to a different prison. The Court re-mailed the R&R the following day. (*See* ECF No. 22.) Because over a month has elapsed since that date, McKerchie's 14-day window for objections has passed.

or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also Osantowski v. Option One Mortg. Co.*, No. 09-12079-BC, 2009 WL 4646127, at *1 (E.D. Mich. Dec. 4, 2009) ("The failure to object to the magistrate judge's report releases the Court from its duty to independently review the record."); *Mulazim v. Goncalves*, No. 87–1140, 1987 WL 38440, at *1 (6th Cir. Aug. 12, 1987) ("Because plaintiff did not file objections to the magistrate's report and recommendation, he is precluded from attacking any findings of fact or conclusions of law contained therein."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("We have long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate's report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))).

Even if McKerchie had objected to the R&R, he also forfeited his arguments by failing to respond to the motion for summary judgment. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. May 15, 2008) ("[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (quoting *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989))); *Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir., July 29, 2013) (failure to address argument in response to motion to dismiss "amounts to a forfeiture of the claim").

A failure to respond to a motion for summary judgment does not automatically entitle the moving party to judgment. Rather, "[w]hen a non-moving party fails to respond . . . the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005). However, here Reid asserts a qualified immunity defense, so McKerchie "bears

2

the burden of overcoming the qualified immunity defense.  At the summary judgment stage, the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established." *DiLuzio v. Village of Yorkville*, 796 F.3d 604, 608 (6th Cir. 2015) (internal citations omitted).  Because McKerchie has not responded at all to Reid's motion to dismiss, he has not carried his burden to overcome qualified immunity.  *See Crawford v. Desoto Cnty. Sheriff's Dep't,* 419 F. Supp. 3d 965, 971 (N.D. Miss. 2020) ("Obviously, a plaintiff who did not even respond to the motion can not be said to have rebutted the qualified immunity defense . . . ."); *Watson v. Cook*, No. CV H-23-1128, 2025 WL 2208852, at *3 (S.D. Tex. Aug. 4, 2025) ("[P]laintiff did not respond to [defendant's] motion for summary judgment as to qualified immunity.  Consequently, plaintiff has not carried his burden of negating qualified immunity."); *Paul v. Whitley Cnty., KY, Det. Ctr.*, No. 24-5142, 2024 WL 4362260, at *2 (6th Cir. Sept. 30, 2024) ("As [plaintiff] failed to adequately address [defendant's] qualified-immunity defense, he cannot meet his burden to show that [defendant] is not entitled to qualified immunity.").

"Although plaintiff is a pro se litigant, he is still required to follow the rules of civil procedure and easily-understood Court deadlines."  *Ciavone v. McKee*, No. 1:08-CV-771, 2009 WL 2959737, at *6 (W.D. Mich. Sep. 10, 2009) (internal quotation marks omitted).  McKerchie has demonstrated that he understands how to navigate the court system by filing various documents in this case.  (*See* ECF Nos. 1, 2, 13, 14, 15.)  He also filed a response brief to a motion to dismiss in another case in this Court.  *See McKerchie v. Doerr*, No. 1:23-cv-01195, ECF No. 20 (W.D. Mich. filed Oct. 15, 2024).  Thus, it is reasonable to deem his failure to respond here as a forfeiture of his arguments.

In sum, without addressing the merits of the case, the Court concludes that Reid is entitled to summary judgment because McKerchie's failure to respond to either the motion for summary

judgment or the R&R constitutes a forfeiture of his opposition to Reid's assertion of qualified immunity.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 21) is **APPROVED** only as to its ultimate recommendation that the Court grant summary judgment for Reid.

**IT IS FURTHER ORDERED** that Reid's motion to dismiss or for summary judgment (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

A judgment will issue in accordance with this Order.

Dated: September 22, 2025               /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE